UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Criminal Case No. 18-cr-20186

                                                        HON. MARK A. GOLDSMITH

JAMES THOMAS BOLES,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OR MODIFICATION OF SUPERVISED RELEASE (Dkt. 3)

Before the Court is Defendant James Thomas Boles's motion for early termination of supervised release (Dkt. 3).[1] In 2009, Boles pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), receipt of child pornography in violation of 18 U.S.C. 2252A(a)(2)(A), and criminal forfeiture in violation of 18 U.S.C. 2253. See Judgment at PageID.2 (Dkt. 1-1). He was sentenced to a term of 120 months imprisonment for the possession of child pornography and 140 months for the receipt of child pornography, with each count to be served concurrently, and lifetime supervised release. Id. at PageID.3–4. He was released from prison in 2017 and has served roughly seven years of supervised release. Mot. at PageID.15–16.

Boles asks the Court to terminate his supervised release early, arguing that he has "steady employment, residence, and family life." Id. at PageID.20. Boles further notes that he has fully complied with the terms of his supervised release, has completed sex offender treatment, and

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes the Government's response (Dkt. 6).

does not use controlled substances. Id. He argues that his sentence was harsher than that of other defendants convicted of similar charges, id. at PageID.18–19, and that he will have better employment opportunities if his supervised release is terminated, id. at PageID.20.

In response, the Government agrees that Boles has been compliant and has completed all required programs. Resp. at 1. The Government also agrees that "[i]t does not appear that serving lifetime supervised release is necessary" in Boles's case. Id. The Government "does not oppose some early termination of supervised release" but contends that "it may be more prudent for [Boles] to remain on supervised release for a short amount of time—perhaps two more years—given the original sentence is for lifetime supervision and any termination results in a massive reduction from the original sentence." Id. (punctuation modified).

Under 18 U.S.C. § 3583(e)(1), the Court has discretion to terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In making its decision, the Court must consider the sentencing factors set out in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). See 18 U.S.C. 3583(e); see also United States v. Zai, No. 22-3371, 2022 WL 17832201 (6th Cir. Dec. 21, 2022) (enumerating factors and requiring courts to show consideration of them). Early termination is warranted "only where the movant shows changed circumstances - such as exceptionally good behavior." United States v. Zai, No. 23-3248, 2024 WL 84084, at *2 (6th Cir. Jan. 8, 2024) (punctuation modified).

The Court denies the motion for a number of reasons. Regarding the § 3553 factors, the crimes Boles committed—possession and receipt of child pornography—are serious. In addition, Boles has served just over two years above the statutory minimum term of supervised release for his offense, which is five years. See Plea Agreement at PageID.2, United States v.

Boles, No. 08-cr-00462 (N.D. Ala. Jan. 2, 2019), Dkt. 16. Requiring Boles to remain on supervised release at this point does not create any sentence disparities. Further, a reduction from lifetime supervised release to a term of just seven years would be a very large reduction. It is true that Boles has performed well on supervised release, and for that he is to be commended. Remaining on supervised release for the near future will ensure that Boles continues to take positive steps in his personal and professional life. The Court would consider a renewed motion for termination of supervised release after 24 months.

    For all these reasons, the motion is denied.

    SO ORDERED.

Dated: November 12, 2024      s/Mark A. Goldsmith
Detroit, Michigan      MARK A. GOLDSMITH
     United States District Judge